# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1784

_____

Mary Osei,                      *
                              *
           Petitioner,      *
                              *
    v.                       *
                              *
Janet Reno;                   *
                              *
Immigration and Naturalization  *
Service,                    *
                              *
          Respondents.     *

On Petition for Review from
Immigration and Naturalization
Service.

_____

No. 97-2270

_____

[UNPUBLISHED]

Farshad Khamenei,       *
                              *
           Petitioner,      *
                              *
    v.                       *
                              *
Janet Reno, Attorney General;  *
Immigration and Naturalization  *
Service,                    *
                              *
          Respondents.     *

_____

Submitted: October 17, 2001

Filed:  October 24, 2001
_____

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Mary Osei, a citizen of Ghana, and Farshad Khamenei, a citizen of Iran, petition for review of the Board of Immigration Appeals (BIA) orders denying their motions to reopen their deportation cases.  In their motions, Osei and Khamenei sought to apply for suspension of deportation based on their physical presence in the United States for a continuous period of at least seven years under 8 U.S.C. § 1254(a)(1) (1994) (repealed 1996).  Osei entered the United States in 1984, and in 1987, the Immigration and Naturalization Service (INS) issued an order to show cause charging her with deportability.  Khamenei entered the country in 1982 and was issued a similar order in 1986.  Immigration judges denied their bids for asylum.

After Osei and Khamenei filed their motions to reopen seeking suspension of deportation, Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act of 1996 (IIRIRA).  In IIRIRA, Congress repealed the suspension of deportation statute, replaced it with more limited discretionary relief called cancellation of removal, 8 U.S.C. § 1229b(b)(1) (Supp. III 1997), changed the terminology for the written notice initiating deportation from an order to show cause to a notice to appear, 8 U.S.C. § 1252b(a)(1) (1994) (repealed 1996); 8 U.S.C. § 1229(a)(1) (Supp. III 1997), and enacted a "stop-time" rule providing that an alien's period of continuous physical presence in the United States is deemed to end when the alien is served with a notice to appear for removal proceedings,  8 U.S.C. § 1229b(d)(1) (Supp. III 1997).  In a "Transitional Rule [Regarding] Suspension of

Deportation," Congress said the stop-time rule applies to notices to appear issued before the enactment of the stop-time rule on September 30, 1996. 8 U.S.C. § 1101 note (Supp. III 1997); Afolayan v. I.N.S., 219 F.3d 784, 788 (8th Cir. 2000). In 1997, Congress amended the transitional rule, changing "notices to appear" to "orders to show cause," thus clarifying that the stop-time rule applies to all pending deportation proceedings regardless of the name of the initiating notice. Escudero-Corona v. I.N.S., 244 F.3d 608, 613 (8th Cir. 2001). The BIA held the stop-time rule applied to Osei and Khamenei, and thus Osei and Khamenei did not accrue seven years of physical presence in the United States before the INS charged them with deportability.

On review, Osei and Khamenei argue the stop-time rule does not apply to them because they were already in deportation proceedings when the rule was enacted. They assert the rule does not apply because they were issued orders to show cause rather than notices to appear, and they sought suspension of deportation rather than cancellation of removal. Osei concedes we rejected this argument in Afolayan, 219 F.3d at 788, but urges us to overrule the case. One panel of this court cannot overrule the decision of another panel, however. United States v. Franklin, 250 F.3d 653, 665 (8th Cir. 2001). Besides, we have consistently followed our decision in Afolayan, see Escudero-Corona, 244 F.3d at 613-14; Tang v. I.N.S., 223 F.3d 713, 719 (8th Cir. 2000), and our interpretation in Afolayan is consistent with the interpretation of the BIA and with recent decisions from our sister circuits, see, e.g., Ram v. I.N.S., 243 F.3d 510, 515-16 (9th Cir. 2001); Rojas-Reyes v. I.N.S., 235 F.3d 115, 121 n.1 (2d Cir. 2000); Ashki v. I.N.S., 233 F.3d 913, 918-19 (6th Cir. 2000); Angel-Ramos v. Reno, 227 F.3d 942, 947 (7th Cir. 2000); Rivera-Jimenez v. I.N.S., 214 F.3d 1213, 1217 (10th Cir. 2000); Appiah v. I.N.S., 202 F.3d 704, 708 (4th Cir.), cert. denied, 531 U.S. 857 (2000); Tefel v. Reno, 180 F.3d 1286, 1293 (11th Cir. 1999), cert. denied, 530 U.S. 1228 (2000); In re Nolasco-Tofino, Int. Dec. 3385, 1999 WL 218466 (BIA 1999) (en banc). Likewise, we already rejected the due process and equal protection challenges raised by Osei and Khamenei in Afolayan, see 219 F.3d at 789, and our

sister circuits agree with that view as well, <u>see</u> <u>Ram</u>, 243 F.3d at 517; <u>Rojas-Reyes</u>, 235 F.3d at 124; <u>Ashki</u>, 233 F.3d at 919-21; <u>Angel-Ramos</u>, 227 F.3d at 948-49; <u>Gonzalez-Torres v. I.N.S.</u>, 213 F.3d 899, 903 (5th Cir. 2000); <u>Appiah</u>, 202 F.3d at 708-10; <u>Tefel</u>, 180 F.3d at 1298-1302.

We thus deny the petitions for review.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.